**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **LASHONDA HAYNES,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **Case No.:** |
| **V.** | ) | |
| | ) | |
| **SMYRNA READY MIX CONCRETE, LLC,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| **DEFENDANT(S).** | ) | |

**COMPLAINT**

## JURISDICTION

1. The plaintiff brings this action for injunctive relief and damages under 28 U.S.C. §§ 1331, 1343(4), 2201, and 2202. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights caused by the Defendant..

2. This is a suit authorized and instituted under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (ADA).

3. This suit is authorized and instituted under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, et seq. (Title VII).

4. This suit is authorized and instituted under the Family and Medical Leave Act, 29 U.S.C. § 2617(a)(2) (FMLA).

5. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A). The plaintiff further sued within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

**PARTIES**

6. Plaintiff, Lashonda Haynes ("Plaintiff" or "Haynes") is a resident of Montgomery County, Alabama, and performed work for the Defendant in the counties composing the Middle District of Alabama during the events of this case. Thus, under 28 U.S.C. § 1391(b), venue for this action lies in the Middle District of Alabama.

7. Defendant Smyrna Ready Mix Concrete , LLC ("Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama. It is subject to service of process in Alabama.

8. Defendant employs more than 100 people.

9. Defendant employed at least fifty (50) people for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

10. Defendant is engaged in commerce as contemplated by 29 U.S.C. §§ 203(r), 203(s).

## FACTS

11. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

12. Ms. Haynes is a woman.

13. Ms. Haynes is a person with one or more disabilities that substantially limit one or more major life activities, such as the ability to work, function daily, lift, experience heavy menstrual bleeding, and constant pain.

14. Ms. Haynes was able to perform the essential functions of her job.

15. Ms. Haynes suffers from uterine fibroids and an auxiliary mass under her arm.

16. On or about April 29, 2024, Ms. Haynes began working for Defendant as a Truck Driver/Mix Operator.

17. Ms. Haynes was the only woman truck driver at Defendant's Montgomery and Prattville locations.

18. Ms. Haynes's fiancé, Arturo Scott, was also employed by Defendant as a Truck Driver.

19. At the start of March 2025, Ms. Haynes scheduled time off to undergo a hysterectomy and to have an auxiliary mass removed from under her arm for April 9, April 24, and May 1, 2025.

20. Ms. Haynes requested the time off using Dayforce, and Office Manager Shane Byrd approved the request.

21. On or about March 8, 2025, Arturo died unexpectedly.

22. Defendant filled Arturo's position immediately.

23. Because of Arturo's death, Ms. Haynes took two weeks off to grieve and returned to work on or about March 24, 2025.

24. When Ms. Haynes returned, she was still grieving.

25. Because of this, Ms. Haynes asked General Manager Dean LNU for three additional days off.

26. After an additional three days, Ms. Haynes returned to work.

27. On or about March 28, 2025, Shane Byrd gave Ms. Haynes a yearly evaluation.

28. Shane Byrd gave Ms. Haynes a one-dollar ($1.00) raise but gave Zack Watson, a male employee, and similarly situated in all material respects, a one-dollar-and-fifty-cent ($1.50) raise.

29. Zack and Ms. Haynes had equal work requiring equal skill, effort, and responsibility.

30. Ms. Haynes asked Shane Byrd why she did not receive the full raise.

31. Shane Byrd claimed it was because Ms. Haynes's truck was dirty.

32. Ms. Haynes had not driven her truck in the past three weeks because she had been on leave.

33. Zack drove Ms. Haynes's truck because his truck was inoperable, causing dirtiness, yet Defendant rewarded him with a full increase and not Ms. Haynes

34. Ms. Haynes still did not receive an additional raise even after speaking with Shane Byrd about the pay disparity.

35. On or about April 9, 2025, Ms. Haynes underwent surgery to remove the auxiliary mass.

36. On or about April 14, 2025, Defendant sent Ms. Haynes FMLA paperwork stating she had two weeks to submit it.

37. Because of the surgery, Ms. Haynes was unable to move around much.

38. On or about April 24, 2025, Ms. Haynes had a post-operative appointment and was diagnosed with a severe hematoma.

39. Ms. Haynes's doctor stated she needed to be off work for an additional two weeks.

40. Ms. Haynes provided the FMLA paperwork to her doctor to complete.

41. The doctor's office stated it needed seven to ten days to complete the paperwork.

42. On the same day, Ms. Haynes emailed Ms. Gilchrist in Human Resources, explaining she would not meet the April 29, 2025, deadline and requested an extension.

43. She also communicated that an additional two weeks off was needed due to her hematoma, requesting a reasonable accommodation.

44. Ms. Gilchrist responded, "yes ma'am."

45. April 29, 2025, was the day she was eligible and entitled to FMLA leave.

46. Shane Byrd called Ms. Haynes and told her to expect her termination letter in the mail.

47. On or about April 30, 2025, Ms. Haynes received a termination letter stating her employment was ended because her doctor had not released her and because she did not submit the FMLA paperwork.

48. The letter was dated April 25, 2025.

49. At the time of Ms. Haynes's termination, Ms. Haynes had no disciplinary actions in her personnel file.

50. At the time of the termination, Defendant knew about Ms. Haynes's medical condition, leave request, and pay complaint.

51. Defendant terminated Ms. Haynes because of an FMLA request, even though she was granted additional time to submit paperwork because her doctor would not have it completed by the original deadline.

52. The termination interfered with Ms. Haynes' right to take FMLA leave.

53. Weeks after questioning unequal treatment regarding pay disparity, Defendant terminated her employment.

54. Defendant discriminated against Plaintiff on the basis of her disability, failed to provide reasonable accommodation for her known medical limitations, and retaliated against her for requesting medical leave and accommodation, in violation of the Americans with Disabilities Act.

55. Defendant interfered with Plaintiff's rights under the Family and Medical Leave Act by terminating her while she was on approved medical leave and before she was able to complete and return the request FMLA certification.

56. Defendant discriminated against Plaintiff on the basis of her sex by subjecting her to unequal pay and terminating her employment under circumstances giving rise to an inference of sex discrimination, in violation of Title VII of the Civil Rights Act of 194.

## COUNT I - ADA FAILURE TO ACCOMMODATE

57. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

58. Plaintiff suffers from impairments including uterine fibroids and an auxiliary mass under her arm.

59. Plaintiff's impairments affected her such that major life activities, including movement, lifting, and working, were substantially limited.

60. Plaintiff required the reasonable accommodation of medical leave for scheduled surgeries on April 9, April 24, and May 1, 2025, and for additional recovery time following post-operative complications.

61. Plaintiff requested reasonable accommodation by scheduling time off through Dayforce, which was approved by Office Manager Shane Byrd, and by providing notice to Human Resources regarding the need for additional leave.

62. On or about April 14, 2025, Defendant provided Plaintiff with FMLA paperwork and required submission within two weeks.

63. Plaintiff provided the paperwork to her doctor, who advised that completion would take seven to ten days, and Plaintiff immediately informed Human Resources of this delay.

64. Human Resources, through Ms. Gilchrist, approved an extension, responding "yes ma'am."

65. Despite Plaintiff's request for accommodation and Defendant's approval of an extension, Defendant failed to engage in the interactive process required by the ADA.

66. On or about April 29, 2025, Defendant terminated Plaintiff's employment before the approved accommodation period expired.

67. Because of Defendant's violation of the ADA, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish..

## COUNT II - ADA DISCRIMINATION – TERMINATION

68. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

69. Plaintiff suffers from disabilities including uterine fibroids and an auxiliary mass, of which Defendant was aware.

70. Plaintiff was able to perform the essential functions of her job as a Truck Driver with or without reasonable accommodation.

71. Plaintiff took approved medical leave for surgery and recovery, including treatment for a severe hematoma diagnosed on April 24, 2025.

72. On or about April 29, 2025, Defendant informed Plaintiff that she should expect her termination letter in the mail.

73. On or about April 30, 2025, Defendant terminated Plaintiff's employment, citing Plaintiff's lack of medical release and incomplete FMLA paperwork.

74. There is no logical, medical, or other basis to believe Plaintiff's disabilities prevented her from performing the essential functions of her job.

75. At the time of termination, Plaintiff had no disciplinary actions in her personnel file.

76. But for Plaintiff's disabilities and related medical leave, Defendant would have retained Plaintiff in her position.

77. Defendant violated the ADA by terminating Plaintiff because of her disabilities.

78. Because of Defendant's violation of the ADA, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish..

## COUNT III – ADA – RETALIATION

79. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

80. Plaintiff engaged in protected activity by requesting reasonable accommodation for her disabilities, scheduling approved medical leave, and requesting an extension for submission of FMLA paperwork.

81. Plaintiff further engaged in protected activity by informing Human Resources that her doctor required additional time to complete medical certification.

82. Human Resources approved Plaintiff's request for an extension.

83. On or about April 29, 2025, Defendant informed Plaintiff that her employment would be terminated.

84. On or about April 30, 2025, Defendant terminated Plaintiff's employment.

85. But for Plaintiff's protected activity, Defendant would have retained Plaintiff in her position as a Truck Driver.

86. Defendant violated the ADA by terminating Plaintiff in retaliation for engaging in protected activity.

87. Because of Defendant's violation of the ADA, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## COUNT IV – TITLE VII – SEX DISCRIMINATION – PAY

88. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

89. Plaintiff is a woman and was the only female truck driver at Defendant's Montgomery and Prattville locations.

90. On or about March 28, 2025, Defendant conducted Plaintiff's annual evaluation.

91. Defendant awarded Plaintiff a one-dollar ($1.00) raise.

92. At the same time, Defendant awarded a male employee, Zack Watson, a one-dollar-and-fifty-cent ($1.50) raise.

93. Plaintiff questioned the disparity, and Defendant claimed it was due to Plaintiff's truck being dirty.

94. Plaintiff had not driven her truck for three weeks because she was on approved leave.

95. During Plaintiff's leave, Zack Watson drove Plaintiff's truck because his truck was not operational.

96. Despite this explanation, Defendant did not correct the pay disparity.

97. Defendant's actions in paying Plaintiff less than a similarly situated male employee were motivated by Plaintiff's sex.

98. Because of Defendant's discriminatory decision, Plaintiff has lost pay and benefits.

99. Defendant's actions violated Title VII.

## COUNT V – FMLA INTERFERENCE

100. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

101. Plaintiff was an eligible employee under the FMLA and Defendant was a covered employer.

102. Plaintiff suffered from serious health conditions requiring surgery and post-operative recovery.

103. Plaintiff provided notice of her need for unforeseeable FMLA leave and medical certification.

104. Defendant provided Plaintiff with FMLA paperwork on or about April 14, 2025.

105. Plaintiff informed Defendant that her doctor required seven to ten days to complete the paperwork and requested an extension.

106. Defendant approved the extension through Human Resources.

107.

108. Before Plaintiff could submit the completed paperwork, Defendant terminated Plaintiff's employment.

109. Defendant interfered with Plaintiff's rights under the FMLA by denying her the ability to take protected leave.

110. Because of Defendant's interference, Plaintiff has been damaged, suffering loss of pay and benefits.

## COUNT VI – FMLA RETALIATION

111. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

112. Plaintiff was an eligible employee under the FMLA and Defendant was a covered employer.

113. Plaintiff suffered from serious health conditions requiring surgery and post-operative recovery.

114. Plaintiff provided notice of her need for unforeseeable FMLA leave and medical certification.

115. Defendant provided Plaintiff with FMLA paperwork on or about April 14, 2025.

116. Plaintiff informed Defendant that her doctor required seven to ten days to complete the paperwork and requested an extension.

117. Defendant approved the extension through Human Resources.

118. Before Plaintiff could submit the completed paperwork, Defendant terminated Plaintiff's employment.

119. Defendant interfered with Plaintiff's rights under the FMLA by denying her the ability to take protected leave.

120. Because of Defendant's interference, Plaintiff has been damaged, suffering loss of pay and benefits.

## COUNT VII – TITLE VII - SEX-BASED RETALIATION

121. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

122. Plaintiff engaged in protected activity under Title VII of the Civil Rights Act of 1964, as amended, by questioning the pay disparity between herself and a similarly situated male employee, Zack Watson, on or about March 28, 2025.

123. Defendant, through its agents, including Shane Byrd, was aware of Plaintiff's protected activity when she raised concerns about the unequal pay.

124. Plaintiff suffered a materially adverse action when Defendant terminated her employment on or about April 30, 2025.

125. A causal connection exists between Plaintiff's protected activity and the adverse action, as evidenced by the temporal proximity between Plaintiff's

complaint about pay disparity and her termination, as well as Defendant's failure to provide a legitimate, non-retaliatory reason for her termination.

126. Defendant's actions constitute retaliation against Plaintiff for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

127. As a result of Defendant's unlawful retaliation, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the Americans with Disabilities Act;

B. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of Title VII of the Civil Rights Act of 1964;

C. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at

the Defendant's request from continuing to violate the terms of the Family and Medical Leave Act;

D. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of the Fair Labor Standards Act;

E. Award her back pay, with employment benefits, front pay, liquidated damages; compensatory damages, special damages; punitive damages nominal damages;

F. Attorneys' fees and costs;

G. Plaintiff requests that the Court award Plaintiff equitable relief as provided by law; and,

H. Any different or additional relief as determined by the Court to which Plaintiff is entitled.

*/s/ Porcha Anthony Davis*

Porcha Anthony Davis
ASB 1914P47D

The Workers' Firm LLC
2 20th St. North Suite 900
Birmingham, AL 35203
T: 205.564.9005 F: 205.564.9006
porcha@theworkersfirm.com

*Attorney for Plaintiff*

**PLEASE SERVE DEFENDANT AS FOLLOWS**

**Smyrna Ready Mix Concrete, LLC**
**1000 Hollingshead Circle**
**Murfreesboro, TN 37129**

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

I. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the Americans with Disabilities Act;

J. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of Title VII of the Civil Rights Act of 1964;

K. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of the Family and Medical Leave Act;

L. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of the Fair Labor Standards Act;

M. Award her back pay, with employment benefits, front pay, liquidated damages; compensatory damages, special damages; punitive damages nominal damages;

N. Attorneys' fees and costs;

O. Plaintiff requests that the Court award Plaintiff equitable relief as provided by law; and,

P. Any different or additional relief as determined by the Court to which Plaintiff is entitled.

*/s/ Porcha Anthony Davis*

Porcha Anthony Davis
ASB 1914P47D

The Workers' Firm LLC
2 20th St. North Suite 900
Birmingham, AL 35203
T: 205.564.9005 F: 205.564.9006
porcha@theworkersfirm.com

*Attorney for Plaintiff*

**PLEASE SERVE DEFENDANT AS FOLLOWS**

**Smyrna Ready Mix Concrete, LLC**

**1000 Hollingshead Circle**

**Murfreesboro, TN 37129**